**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| The Reserve Club of Pawleys Island LLC | ) | Case No. 09-09116-jw |
| | ) | |
| Debtor. | ) | |

**DEBTOR'S EX PARTE MOTION FOR ORDER ESTABLISHING BIDDING AND OTHER PROCEDURES IN CONNECTION WITH THE SALE OF DEBTOR'S ASSETS AND GRANTING PROTECTIONS TO THE PROPOSED BUYER AND MEMORANDUM IN SUPPORT**

The Reserve Club of Pawleys Island LLC, ("Debtor" or "Seller"), by and through its undersigned counsel, hereby moves the court pursuant to 11 U.S.C. §§ 105 and 363 and Fed. R. Bankr. P. 6004, for an order approving certain bidding procedures in connection with the proposed sale of the Debtor's assets to a The Reserve Golf Club Acquisition, LLC, a North Carolina limited liability company ("Buyer"). Concurrent with the filing of this motion, the Debtor will file a Motion for Order: (1) Authorizing Sale of Assets of the Debtor Free and Clear of Certain Liens, Claims, Encumbrances, and Other Interests and (2) authorizing the assumption and assignment or rejection of certain executory contracts pursuant to § 365 ("Sale Motion"). In an effort to maximize the value of its estate for the benefit of creditors, the Debtor has required that the sale of the Assets, as defined in the Sale Motion, to the Buyer remain subject to higher or otherwise better offers and the Buyer has required as a condition of its offer certain protections. In addition, in order to facilitate the sale of the Assets, the Debtor wishes to establish a procedure under which competing bidders may bid and may know the procedures which will govern the bidding process. Accordingly, the Debtor seeks entry of an order: (i) establishing certain bidding and other sale procedures for the solicitation of higher or otherwise better offers; and (ii) granting certain protections to the Buyer in the event it is not the successful purchaser. In support of this motion ("Motion"), Debtor would show as follows:

1. Debtor filed its petition for relief on December 4, 2009. The Debtor has been operating its business as a debtor-in-possession pursuant to §§1107(a) and 1108 of the Bankruptcy Code.

2. Pursuant to the terms of the Proposed Sale, as set forth in the Sale Motion, Buyer will purchase all agreed upon portions of the Debtor's property for for a purchase price of approximately $484,887 (the "Purchase Price") (as described in more detail hereinbelow), plus a commitment to infuse significant new capital to fund capital improvements and to offset negative cash flow from Club operations (as described in more detail hereinbelow), and a further commitment to maintain the Club as a private facility, a matter of material consequence to the members of the Club and to the surrounding property owners. The terms of the sale of the Debtor's property is set forth in the separate Asset Purchase Agreement (collectively "Sale Agreement").

3. Debtor requests that the Court enter an order establishing bid procedures ("Procedures Order") in the event Debtor receives a competing bid for the Assets:

(a) Any bid from any persons or entity other than Buyer to purchase the Assets, in order to be a qualifying bid (a "Qualified Competing Bidder" and a "Qualified Competing Bid"), shall:

(A) be in writing;

(B) contain terms and conditions that are substantially similar in all material respects to the Sale Agreement, other than the identity of the buyer and the amount of the Purchase Price;

(C) accompanied by a written acknowledgment and agreement that the terms of the bid are substantially similar in all material respects to the Sale Agreement, except for the identity of the bidder and the Purchase Price, and that the bidder, should it be declared the winning bidder, will enter into with the Debtor a Sale Agreement confirming the terms of such winning bid;

(D) exceed the Purchase Price by at least One Hundred Twenty Five Thousand and no/100 ($125,000);

(E) include satisfactory evidence of the financial ability of the Qualified Competing Bidder to consummate the purchase for cash;

(F) include a deposit of Seventy Five Thousand and no/100 ($75,000) in certified funds payable to the trust account of Wyrick Robbins Yates & Ponton LLP, Counsel for the Buyer; and

(G) be received by Debtor, Buyer, the U.S. Trustee, and any committee appointed in this matter (collectively "Interested Parties") no later than 7 days prior to the scheduled sale.

No bid shall be considered by the Debtor, after consultation with the Interested Parties, or the Court unless it is a Qualified Competing Bid and no bidder shall be permitted to participate in the auction process unless it is a Qualified Competing Bidder. The Interested Parties reserve the right to object to any bid being deemed a "Qualified Competing Bid."

(b) Upon receipt of any Qualified Competing Bid as described in Section 3(a) above, Buyer shall have the unconditional right to submit an overbid by delivering to the Debtor and the Interested Parties no later than the beginning of the hearing on the Sale Motion to be scheduled in this matter by the Court (the "Sale Hearing"), two signed copies of an amendment to the Sale Agreement in which the Purchase Price set forth therein exceeds the purchase price offered by the Qualified Competing Bidder pursuant to Section 3(a) above by a minimum of Twenty Five Thousand and no/100 ($25,000). However, any higher bid of Buyer shall be subject to Debtor's acceptance, after consultation with the Interested Parties, of a still higher and better bid submitted during the Sale Hearing in compliance with this section; provided, however, that such higher and better bid shall equal the sum of: (i) the Purchase Price under the amendment to the Sale Agreement submitted by Buyer; plus (ii) an additional amount of at least Twenty Five Thousand and no/100 ($25,000) (a "Yet Higher Offer"). In the event of a Yet Higher Offer, the process set forth in the immediately proceeding sentence shall continue, with Buyer and each Qualified Competing Bidder having the continuing right to submit an overbid and repeat, with Buyer and each Qualified Competing Bidder having the continuing right to submit overbids, unless and until such time as Buyer or any other Qualified Competing Bidder elects not to make a further overbid.

(c) In the event that any person or entity acquires the Assets other than due to a breach of the Sale Agreement by Buyer, Buyer shall be entitled to an administrative claim in the Bankruptcy Case as reimbursement of Buyer's reasonable expenses incurred in connection with the sale up to One Hundred Thousand and no/100 ($100,000) subject to Court approval of the reasonableness of the actual amount of such expenses incurred by Buyer (the "Reimbursement Fee"). This Reimbursement Fee shall serve as reimbursement for Buyer's reasonable expenses incurred in entering into the Sale Agreement and reflects the benefit to Debtor that the Sale Agreement created in attracting other bids over and above the Purchase Price, which benefit Debtor acknowledges. Payment of the Reimbursement Fee described herein shall be paid only in the event of a successful Qualified Competing Bid and only then from the additional proceeds created by the overbid.

(d) In the event that a Qualified Competing Bidder is received, Debtor will request the Court to approve a "back up" bid. If the successful bidder is unable to close the sale within the time required for the closing by the Sale Agreement, the successful bidder shall forfeit its deposit made pursuant to Section 3(a)(F) above, and Debtor shall close the sale of the Assets to the "back up" bidder without the necessity of obtaining another order from this Court.

(e) The deposit made by any Qualified Competing Bidder, pursuant to Section 3(a)(F) above, who is not either the successful purchaser of the Assets or the "back up bidder" shall be returned to such Qualified Competing Bidder within three (3) business days after the Hearing. The deposit made by any Qualified Competing Bidder that is designated as a "back up" bidder shall be returned to such Qualified Competing Bidder within three (3) business days after the closing of the

sale of the Assets to the winning bidder.

       (f)    Acceptance by Debtor, after consultation with the Interested Parties, of a Qualified Competing Bid as a winning bid or a back-up bid shall, in all respects, be subject to the entry of the sale order by the Bankruptcy Court authorizing Debtor to consummate the sale.

       (g)    If a Qualified Competing Bid is accepted by Debtor, after consultation with the Interested Parties, as the winning bid or back-up bid, those Qualified Competing Bids shall remain open and irrevocable through closing of the sale of the Assets.

       (h)    Any dispute regarding any aspect of the foregoing bidding procedures shall be resolved by the Bankruptcy Court.

       4.    Buyer has and will expend a significant amount of time and costs, including but not limited to legal fees, in negotiating and finalizing the proposed sale. Regardless of whether Buyer is the winning bidder and closes the sale, these negotiations and efforts will have enhanced the estate and increased the return to creditors of the estate. In recognition of that enhancement, the Sale Agreement provides that in the event Buyer is not the winning bidder it shall be entitled to the Reimbursement Fee in an amount up to $100,000 as described in paragraph 3(c) above. However, Buyer shall not be entitled to such Reimbursement Fee in the event that the failure to consummate the transactions contemplated by the Sale Agreement is a direct result of a breach of the Sale Agreement by Buyer and its failure to cure such breach after written notice thereof.

       5.    Debtor seeks entry of an order establishing the above-described bidding procedures and approving the Reimbursement Fee. In marketing assets, Debtors often employ buyer protections in order to encourage the making of purchase offers. These protections are "important tools to encourage bidding and to maximize the value of the debtor s assets." In re Integrated Resources. Inc, 147 B.R. 650, 659 (S.D.N.Y. 1992). Establishment of the bidding procedure will insure an orderly and fair mechanism for evaluating competing offers and will allow competing bidders an opportunity to increase their bid, thereby maximizing the value of the Debtor's assets. See In Four B. Corp. v. Food Barn Stores, Inc. (In re Food Barn Stores, Inc.), 107 F.3d 558 (8th Cir. 1997)(stating that a bidding procedure avoids confusion and ensures that a sale is conducted according to the bidders' reasonable expectations); In re Gould, 977 F.2d 1038 (7th Cir. 1992)(holding that adoption of detailed bidding procedures was within the court's discretion).

       6.    Approval of the Reimbursement Fee under the terms and conditions set forth above is a fair and equitable compensation to Buyer in the event that another Qualified Competing Bidder becomes the

winning bidder and the sale to such other Qualified Competing Bidder closes. In the present case, the maximum amount requested by the Buyer is less than 1.5% of the Purchase Price. Courts have routinely approved reimbursement fees to proposed buyers who were not the winning bidders and in amounts similar to that requested by Buyer. In re Twenver, Inc., 149 B.R. 954, 957 (Bankr.D.Colo.1992); see also In re Integrated Resources, Inc., 135 B.R. 746, *aff'd* 147 B.R. 650, 662 (S.D.N.Y. 1992).

WHEREFORE, having set forth the basis for its Motion, the Debtor requests that the Court enter an order approving the Motion and provide such other and further relief as the court may deem necessary and appropriate.

RESPECTFULLY SUBMITTED on this the 21st day of January, 2010, at Columbia, South Carolina.

Date:   January 21, 2010        **McCARTHY LAW FIRM, LLC**
        Columbia, SC

                                By:   /s/Daniel J. Reynolds, Jr.
                                      G. William McCarthy, Jr., Dist. I.D.#2762
                                      Daniel J. Reynolds, Jr., Dist. I.D.#9232
                                      Sean P. Markham, Dist. I.D. #10145
                                      Attorneys for the Debtor
                                      1715 Pickens Street
                                      P. O. Box 11332
                                      Columbia, SC   29211-1332
                                      (803) 771-8836
                                      (803) 779-0267 (fax)