**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| The Reserve Club of Pawleys Island LLC | ) | Case No. 09-09116-jw |
| | ) | |
| Debtor. | ) | |

**ADDENDUM/AMENDMENT TO DEBTOR'S MOTION FOR ORDER AUTHORIZING: (1) THE SALE OF ASSETS OF THE DEBTOR FREE AND CLEAR OF CERTAIN LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS PURSUANT TO 11 U.S.C. § 363; AND (2) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS PURSUANT TO 11 U.S.C. §365**

On or about January 21, 2010, The Reserve Club of Pawleys Island LLC ("Debtor") filed and served its motion (the "Sale Motion") for the entry of an order: (1) approving the terms of a proposed sale of substantially all of the Debtor's assets, inventory, equipment, real property and rights relating thereto, The Reserve Golf Club Acquisition, LLC or its assigns ("Buyer"), and (2) authorizing the assumption and assignment or rejection of certain executory contracts pursuant to § 365. **The Sale Motion has been set for a hearing before the Honorable John E. Waites at the Charleston Courtroom at the King and Queen Building, 145 King Street, Room 225, Charleston, South Carolina 29401, which Sale Hearing shall be held on March 10, 2010 at 2:00 p.m.**

This addendum to the Sale Motion is being filed to provide creditors and parties in interest as well as potential competitive bidders with additional updated information and clarity regarding the proposed sale and the Purchase Price described therein. The Debtor provides the following information regarding the Sale Motion and Purchase Price:

**Lis Pendens on the Debtor's Real Property**

1.  As set forth in paragraph 5 of the Sale Motion, Litigation (the "Litigation") was commenced in May 2009 by four (4) resigned members of the Club, on behalf of a class of allegedly similarly situated former members (taken collectively, the "dissidents"), with the central objective of preventing the sale of the Club, as was then and is now contemplated, unless said former members were first reimbursed a portion of the initiation fees which they had paid to join the Club.

2. As part of the Litigation, the Dissident Members placed a Lis Pendens on the Debtor's real property.

3. By way of this Addendum, the Debtor is clarifying and stating its intention for the proposed sale to be free and clear of the Lis Pendens placed on the Debtor's real property pursuant to the Dissident Member Litigation.

**Wells Fargo Lease Correction and Updated Approximated Sale Price**

4. Paragraph 3 of the Sale Motion reflects two outstanding Wells Fargo Fincancial ("Wells Fargo") Leases. However, as pointed out by Wells Fargo in a pleading recently filed with the Court in response to the Debtor's Motion to Establish Bidding Procedures in this matter, there are actually three (3) Wells Fargo leases.

5. The Debtor's Sale Motion as originally drafted also failed to include sales taxes payable pursuant to the leases it listed, and paragraph 3 is also hereby modified to reflect the approximate remaining lease amounts including taxes.

6. The chart in paragraph 3 of the Sale Motion is hereby modified to reflect all three Wells Fargo leases in the updated amounts shown below.

| Lender | Property Description | Approx. Lease Balance as of 12/31/09 |
|---|---|---|
| Wells Fargo Financial Leasing | Groundskeeping Equipment | $ 29,958.00 |
| Wells Fargo Financial Leasing | Groundskeeping Equipment | $ 24,642.00 |
| Wells Fargo Financial Leasing | Groundskeeping Equipment | $ 33,258.00 |

7. The proposed Buyer is aware of all three (3) Wells Fargo leases and agrees that it intends to assume all three leases and the obligations thereunder pursuant to the Sale Motion.

8. Under two (2) of the Wells Fargo leases, the Debtor has the option to purchase the leased equipment for $1.00 at the conclusion of the lease term. However, under the third lease, there is no such purchase price option provided for in the lease, and Wells Fargo asserts that the residual value purchase price of such equipment would be approximately $27,759.88 if the Buyer were to choose to purchase such leased equipment. Neither the Debtor nor any successful purchaser are under a requirement to purchase such leased equipment at the end of the lease term. However, Wells Fargo asserts that if the Debtor or any successful purchaser should desire

2

to purchase such leased equipment, they will need to provide Wells Fargo with sixty (60) days notice of such intent prior to the expiration of the lease in July 2010.

**9.** **Based upon the inclusion of all three (3) Wells Fargo Leases and the modified amounts owing thereon including sales taxes, the Purchase Price calculated in and reflected throughout the Sale Motion, including paragraphs 7 and 8 of the Sale Motion, is now approximated to be $522,705.00 (the "Purchase Price") (as described in more detail in the Sale Motion), plus a commitment to infuse significant new capital to fund capital improvements and to offset negative cash flow from Club operations (as described in more detail in the Sale Motion) as described in paragraph 9 of the Sale Motion.**

RESPECTFULLY SUBMITTED on this the 17th day of February, 2010, at Columbia, South Carolina.

  /s/ Daniel J. Reynolds, Jr._____
G. William McCarthy, Jr., Dist. I.D.#2762
Daniel J. Reynolds, Jr., Dist. I.D.#9232
Sean P. Markham, Dist I.D. #10145
McCarthy Law Firm
Attorneys for the Debtor
P.O. Box 11332
Columbia, SC 29211-1332
(803) 771-8836