**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

IN RE:                                                    )          CHAPTER 11
                                                          )
The Reserve Club of Pawleys Island LLC    )          Case No. 09-09116-jw
                                                          )
_____Debtor.____)

**ORDER ESTABLISHING BIDDING AND OTHER**
**PROCEDURES IN CONNECTION WITH THE SALE OF DEBTOR'S ASSETS**
**AND GRANTING PROTECTIONS TO THE PROPOSED BUYER**

The relief set forth on the following pages, for a total of 5 pages including this page, is hereby **ORDERED**.

_____

**FILED BY THE COURT**
**02/18/2010**



*signature: John E. Waites*

Chief US Bankruptcy Court Judge
District of South Carolina

Entered: 02/18/2010

1

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| The Reserve Club of Pawleys Island LLC | ) | Case No. 09-09116-jw |
| | ) | |
| Debtor. | ) | |

**ORDER ESTABLISHING BIDDING AND OTHER**
**PROCEDURES IN CONNECTION WITH THE SALE OF DEBTOR'S ASSETS**
**AND GRANTING PROTECTIONS TO THE PROPOSED BUYER**

THIS MATTER came before the Court on Debtor's Ex Parte Motion for Order Establishing Bidding and Other Procedures in Connection with the Sale of Debtor's Assets and Granting Protections to the Proposed Buyer ("Bidding Motion"), filed January 21, 2010 and came before the Court for an expedited hearing on February 10, 2010. On January 21, 2010 by separate motion (the "Sale Motion"), as amended by an Addendum filed with the Court on February 17, 2010, the Debtor also moved for authority to sell its assets to The Reserve Golf Club Acquisition, LLC, a North Carolina limited liability company ("Buyer") for a purchase price of approximately $522,705 (the "Purchase Price") (as described in more detail in the Sale Motion and Addendum), plus a commitment to infuse significant new capital to fund capital improvements and to offset negative cash flow from Club operations (as described in more detail in paragraph 9 of the Sale Motion), and a further commitment to maintain the Club as a private facility, a matter asserted by the members of the Club and surrounding property owners to be of material consequence to them, subject to higher or otherwise better offers, with such sale being free and clear of certain liens, claims, encumbrances, and other interests, pursuant to §§ 105 and 363(f) of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

It appears that the Bidding Motion was served in accordance with the Court's Order and Notice of hearing in this matter. Responses to the Bidding Motion were filed by The Reserve at Litchfield Community Association, Inc. (the "Reserve HOA") and Wells Fargo Financial Leasing, Inc. ("Wells Fargo"). No objections were filed to the Bidding Motion.

By way of the Bidding Motion, Debtor requests entry of an order: (i) establishing bidding procedures in connection with the sale to Buyer and (ii) granting certain purchase offer protections to Buyer in the form of a reimbursement fee in an amount not to exceed $100,000.00, subject to court approval ("Reimbursement Fee").

As indicated by the lack of objection from any party in interest or known potential bidders, it

appears that the proposed bidding procedures may facilitate the sale process and maximize the value of the assets for the estate and are otherwise reasonable in the context of this case, that a reimbursement fee for the proposed buyer is appropriate, and that the relief requested in the Bidding Motion appears to be in the best interests of the estate, it is hereby,

ORDERED, ADJUDGED and DECREED as follows:

1. The Motion is granted as indicated herein.

2. The following bidding procedures are approved:

(a) Any bid from any persons or entity other than Buyer to purchase the Assets, in order to be a qualifying bid (a "Qualified Competing Bidder" and a "Qualified Competing Bid"), shall:

(A) be in writing;

(B) contain terms and conditions that are substantially similar in financial respects to the Sale Agreement;

(C) accompanied by a written acknowledgment and agreement that the terms of the bid are substantially similar in financial respects to the Sale Agreement, and that the bidder, should it be declared the winning bidder, will enter into with the Debtor a sale agreement confirming the terms of such winning bid;

(D) exceed the Purchase Price <u>plus</u> the amount of the actual, final court-approved Reimbursement Fee (see paragraph 2(c) below) by at least Twenty Five Thousand and no/100 ($25,000);

(E) include satisfactory evidence of the financial ability of the Qualified Competing Bidder to consummate the purchase for cash;

(F) include a deposit of Seventy Five Thousand and no/100 ($75,000) in certified funds payable to the trust account of counsel for Debtor; and

(G) be received by Debtor, Buyer, the U.S. Trustee, and any committee appointed in this matter (collectively, the "Interested Parties") no later than 5 days prior to the scheduled sale. The Debtor is not required to consider a bid, after consultation with the Interested Parties, unless it is a Qualified Competing Bid and no bidder shall be permitted to participate in the auction process unless it is a Qualified Competing Bidder. The Interested Parties reserve the right to object to any bid being deemed a "Qualified Competing Bid."

(b) Upon receipt of any Qualified Competing Bid as described in Section 2(a) above, Buyer shall have the unconditional right to submit an overbid by delivering to the Debtor and the Interested Parties no later than the beginning of the hearing on the Sale Motion to be scheduled in this matter by the Court (the "Sale Hearing"), two signed copies of an amendment to the Sale Agreement in which the Purchase Price set forth therein exceeds the purchase price offered by the Qualified Competing Bidder pursuant to Section 2(a) above by a minimum of Twenty Five Thousand and no/100 ($25,000). However, any higher bid(s) of Buyer shall be subject to Debtor's acceptance, after consultation with the Interested Parties, of a still higher and better bid submitted during the Sale

Hearing in compliance with this section; provided, however, that such higher and better bid shall equal the sum of: (i) the Purchase Price under the amendment to the Sale Agreement submitted by Buyer; plus (ii) an additional amount of at least Twenty Five Thousand and no/100 ($25,000) (a "Yet Higher Offer").  In the event of a Yet Higher Offer, the process set forth in the immediately preceding sentence shall continue, with Buyer and each Qualified Competing Bidder having the continuing right to submit overbids and repeat, with Buyer and each Qualified Competing Bidder having the continuing right to submit overbids, unless and until such time as Buyer or any other Qualified Competing Bidder elects not to make a further overbid.

(c) In the event that any person or entity acquires the Assets other than due to a breach of the Sale Agreement by Buyer, Buyer shall be entitled to an administrative claim in the Bankruptcy Case as reimbursement of Buyer's reasonable expenses incurred in connection with the sale of up to One Hundred Thousand and no/100 ($100,000) subject to Court approval of the reasonableness of the actual amount of such documented expenses actually incurred by Buyer (the "Reimbursement Fee").  This Reimbursement Fee shall serve as reimbursement for Buyer's reasonable expenses incurred in entering into the Sale Agreement and reflects the benefit to Debtor that the Sale Agreement created in attracting other bids over and above the Purchase Price, which benefit Debtor acknowledges.  Payment of the reimbursement described herein shall be paid only in the event of a Qualified Competing Bidder other than Buyer being the successful purchaser at the sale and only then from the additional proceeds created by the overbid.

(d) In the event that a Qualified Competing Bid is received, Debtor will request the Court to approve a "back up" bid.  If the successful bidder is then unable to close the sale within the time required for the closing by the Sale Agreement, the successful bidder shall forfeit any deposit made pursuant to Section 2(a)(F) above, and Debtor shall close the sale of the Assets to the "back up" bidder without the necessity of obtaining another order from this Court.

(e) The deposit made by any Qualified Competing Bidder, pursuant to Section 2(a)(F) above, who is not either the successful purchaser of the Assets or the "back up bidder" shall be returned to such Qualified Competing Bidder within three (3) business days after the Sale Hearing.  The deposit made by any Qualified Competing Bidder that is designated as a "back up" bidder shall be returned to such Qualified Competing Bidder within three (3) business days after the closing of the sale of the Assets to the winning bidder.

(f) Acceptance by Debtor, after consultation with the Interested Parties, of a Qualified Competing Bid as a winning bid or a back-up bid shall, in all respects, be subject to the entry of the sale order by the Bankruptcy Court authorizing Debtor to consummate the sale.

(g) If a Qualified Competing Bid is accepted by Debtor, after consultation with the Interested Parties, as the winning bid or back-up bid, those Qualified Competing Bids shall remain open and irrevocable through closing of the sale of the Assets.

(h) Any dispute regarding any aspect of the foregoing bidding procedures shall be resolved by the Bankruptcy Court.

3. The Reimbursement Fee is approved, subject to further Court approval of the reasonableness of the actual amount of such documented expenses incurred by Buyer.

4. Pursuant to the Response filed by the Reserve HOA, creditors and potential competitive bidders are hereby notified that the Reserve HOA asserts that the real property being sold by the

Debtor is subject to covenants, restrictions and encumbrances, all recorded in the land records for Georgetown County, South Carolina which covenants, conditions and restrictions run with the title to the property. The Reserve HOA specifically asserts that such covenants, conditions and restrictions include a provision requiring the land be used only as a golf course in addition to wetland covenants and a Safe Harbor Agreement relating to the preservation of certain species of woodpeckers and the covenants for the Reserve Community. Moreover, the Reserve HOA asserts that the covenants, conditions and restrictions to which the Debtor's real property is subject, provide that "Declarant . . . reserves the right to increase the assessment for any golf course to an amount to be decided by the Board or Declarant on a per round basis in the event the golf course allows play by members of the public (other than a guest of a member) and such amount will not be less than $10,000.00 per year." *See* Declaration of Covenants, Conditions and Restrictions for the Reserve at Litchfield Community Association, Inc. at p. 13, footnote 1 (Recorded at Book 932, Page 22, Georgetown County RMC Office.) The Title to the Debtor's Real Estate is publicly available for viewing and may be obtained by visiting the website of the Debtor's noticing agent Phase Eleven Consultants, LLC at http://www.phaseeleven.com/reservegolfclub/.

5.    The Debtor shall serve this Order and the Sale Motion on all creditors and parties in interest and any other entities that have shown an interest in purchasing the Assets.

AND IT IS SO ORDERED.